**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JARRID BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21-cv-132-SPM |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Jarrid Berry's First Amended Complaint. (Doc. 23). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 16). The motion has been fully briefed and, for the reasons set out below, the Court will grant in part and deny in part Defendants' Motion.

## I.      FACTUAL BACKGROUND[1]

In November 2018, Plaintiff Jarrid Berry was arrested by Defendant City of St. Louis's ("the City") Metropolitan Police Department and charged with three felonies by the City's Circuit Attorney's Office. He was represented by the St. Louis City Public Defender's Office and held at the St. Louis City Justice Center ("Justice Center") pending trial on a bond he could not afford to pay. On April 18, 2019, Plaintiff's case was dismissed by the court. However, he was not released from the Justice Center until "on or after May 2, 2019," without any notification that he was detained after dismissal of his case. Plaintiff learned of his delayed release in April 2020.

---

[1]      The Court draws these facts from Plaintiff's allegations in the First Amended Complaint. (Doc. 17). In so doing, the Court, as it must, liberally construes the complaint in favor of Plaintiff and draws all reasonable inferences in his favor. *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010); *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010); *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

On February 2, 2021, Plaintiff brought this action, which stems from his fourteen day detention at the Justice Center after dismissal of charges. Plaintiff filed an Amended Complaint on May 3, 2021. Plaintiff's suit is against the City and the following defendants in their individual capacities: Vernon Betts, the Sheriff of the City; Jeff Carson, the Superintendent of the City's Medium Security Institution ("MSI"); Jimmie Edwards, the former Director of the City's Department of Public Safety; and Dale Glass, the Commissioner of the City's Division of Corrections (collectively referred to herein as "the individual defendants").

The Amended Complaint alleges that the individual defendants kept Plaintiff incarcerated before and after his charges were dismissed; the individual defendants failed to inform him and failed to ensure he was informed that his charges were dismissed and that he was being detained despite his charges being dismissed. The Amended Complaint also alleges the City and individual defendants knew or should have known that Plaintiff was incarcerated despite the charges being dismissed, and concealed from Plaintiff the fact that he was incarcerated despite his charges being dismissed.

The Amended Complaint further alleges that the City and individual defendants had a duty to ensure Plaintiff's rights were not violated while he was within their custody; had a duty to inform Plaintiff he had been wrongfully imprisoned because they had superior information regarding Plaintiff's incarceration not reasonably available to Plaintiff; have a responsibility to determine when people are supposed to be released from the custody of the City and to provide for their immediate release. Plaintiff also alleges the City and individual defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City with respect to the incarceration and release of individuals entitled to release.

The Amended Complaint alleges that, aside from Plaintiff, other people residing in corrections institutions in the City were unlawfully detained after charges had been dropped against them, including clients of the Missouri State Public Defender System. The Amended Complaint further alleges the Office of the Missouri State Public Defender for the City of St. Louis informed the City and individual defendants that people were being wrongfully incarcerated in correctional facilities in St. Louis City. Finally, Plaintiff alleges that actions of the City and individual defendants caused him physical harm and severe emotional distress, embarrassment, humiliation, and damage to his reputation.

Plaintiff's Amended Complaint contains ten counts asserting federal and state law claims against the City and individual defendants. (Doc. 17). Counts I, II, IV, V and VI are brought pursuant to 42 U.S.C. § 1983 and assert that the individual defendants violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments (Counts I and II) and that Plaintiff was harmed because the City and individual defendants failed to establish policies; failed to train staff; and had a pattern or practice of wrongful imprisonment (Counts IV, V and VI). The remaining counts are state law claims against the individual defendants for false imprisonment (Count III) and negligent false imprisonment (Count X) and against the City and individual defendants for intentional misrepresentation (Count VII), negligent misrepresentation (Count VIII), and fraudulent concealment (Count IX).

## II.    LEGAL STANDARD

In the instant motion, the City and individual defendants have moved to dismiss all counts under Fed. R. Civ. P. 12(b)(6). Plaintiff has opposed the motion. For a plaintiff to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78. And, "factual allegations must be enough to raise a right to relief above the speculative level." *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017) (citation omitted).

## III.    DISCUSSION

At issue in this case is whether Plaintiff's Amended Complaint states a plausible claim under §1983 and plausible state law claims for false imprisonment, negligent false imprisonment, and fraud.

### A.  PLAINTIFF'S § 1983 CLAIMS

To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). The

pleading requirements a plaintiff must meet for individual defendants is different from the pleading requirements for municipal defendants like the City.

A plaintiff pursuing a claim against individuals under §1983 must "allege facts supporting any individual defendant's personal involvement or responsibility for the violations" alleged. *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999). "To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

"Respondeat superior is not applicable to § 1983 claims." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). Thus, for example, "a warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement," which is required to state a § 1983 claim against an individual defendant. *Id.* However, the supervisory employee "might be liable if [he] had made policy decisions resulting in the alleged unconstitutional conditions." *Id.* Under § 1983, a supervisor may be held liable for constitutional violations caused by his or her "failure to properly supervise and train the offending employee." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014). As one court has put it,

> Individual liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights . . . . For a supervising officer to be liable under § 1983 for the constitutional violation of a subordinate based on a failure to supervise . . . the supervisor must have demonstrated deliberate indifference or tacit authorization of the offensive acts.

*Doe HM v. City of Creve Coeur, Mo.*, 666 F. Supp. 2d 988, 997 (E.D. Mo. 2009) (citations omitted). "Proof of actual knowledge of constitutional violations is not . . . an absolute prerequisite for imposing supervisory liability . . . . [However, a] single incident, or a series of isolated

incidents, usually provides an insufficient basis upon which to assign supervisory liability." *Howard v. Adkison*, 887 F.2d 134, 138 (8th Cir. 1989).

"A municipality [like the City] may be liable under § 1983 when an official municipal policy or custom caused a violation of a plaintiff's substantive due process rights." *Russell v. Hennepin Cty.*, 420 F.3d 841, 846 (8th Cir. 2005) (citations omitted). "[A] policy is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "A municipal custom is a practice of municipal officials that is not authorized by written law, but which is so permanent and well-settled as to have the force of law." *Russell*, 420 F.3d at 849.

"To establish a constitutional violation resulting from such a custom, a plaintiff must show that his alleged injury was caused by municipal employees engaging in a widespread and persistent pattern of unconstitutional misconduct that municipal policymakers were either deliberately indifferent to or tacitly authorized." *Id.* Likewise, "municipal liability for . . . failure to supervise . . . requires proof that the failure amounts to deliberate indifference to the rights of persons with whom the employee comes into contact," and that the "municipal inaction [is] the moving force behind the constitutional violation." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id*

### 1. § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS (COUNTS I, II, IV, V, AND VI)

In moving to dismiss Plaintiff's §1983 claims, the individual defendants argue, first, that Count II, which asserts a violation under the Fifth and Fourteenth Amendments, fails as a matter of law because a Fifth Amendment claim is unsustainable against non-federal government

6

defendants and the individual defendants named in Count II are not federal actors. The Court agrees. In Count II, Plaintiff alleges his wrongful/prolonged incarceration violated his Fifth and Fourteenth Amendment rights to due process. As the individual defendants correctly point out, the Amended Complaint does not allege that they were federal actors; instead, it alleges they were City employees.

This fact is fatal to Count II because the Supreme Court has held, and the Eighth Circuit recognizes, that although certain provisions in the Fifth Amendment are applicable to the states through the Fourteenth Amendment, the Fifth Amendment's due process clause applies only to the federal government. *Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the due process clause of the Fourteenth Amendment prohibits the States from depriving any person of property without 'due process of law.'"); *Hess v. Ables*, 714 F.3d 1048, 1053 (8th Cir. 2013) (a Fifth Amendment claim is unsustainable against non-federal government defendants); *Warren v. Gov't Nat'l. Mortg. Ass'n.*, 611 F.2d 1229, 1232 (8th Cir. 1980) (the Due Process Clause of the Fifth Amendment applies to the federal government, while the Fourteenth Amendment Due Process Clause applies to the States).

Plaintiff has offered no serious rejoinder to this argument other than to note that Count II is predicated on both the Fifth **and** Fourteenth Amendment due process clause. Plaintiff posits that Count II, therefore, can be construed as a standalone claim under the Fourteenth Amendment. However, the Supreme Court has held that the Fourth Amendment—not the Fourteenth Amendment—governs cases, like this case, involving prolonged detention of a pretrial detainee. *Manuel v. City of Joliet*, 137 S. Ct. 911, 917-20 (2017). Since *Manuel*, the Eighth Circuit has recognized that "when a more specific constitutional provision like the Fourth Amendment applies,

the substantive-due-process claim falls away." *Matthews v. McNeil*, 821 F. App'x 666, 667 n.3 (8th Cir. 2020) (unpublished); *Johnson v. McCarver,* 942 F.3d 405, 410-11 (8th Cir. 2019) (explaining that under *Manuel,* "[a]ny" pretrial deprivation of liberty "is governed by the Fourth Amendment," not the Due Process Clause).

In this case, Count I of Plaintiff's Amended Complaint already asserts a claim for a Fourth Amendment violation stemming from Plaintiff's prolonged incarceration. As such, to the extent that Plaintiff is asking the Court to construe Count II as a standalone claim arising out of the Fourteenth Amendment, Count II will be dismissed as duplicative of Count I.

The individual defendants further argue that Plaintiff's remaining federal claims should be dismissed because the Amended Complaint fails to plausibly allege that the individual defendants were personally involved in violating Plaintiff's rights.[2] The Eighth Circuit and at least one district court in our circuit have suggested that supervisory employees, like the individual defendants in this case, can be held to answer § 1983 claims stemming from prolonged detention where there are allegations (or evidence) that the supervisory employees had actual or constructive knowledge that the wrongfully detained person was entitled to be released. *See, e.g., Davis v. Hall*, 375 F.3d 703, 716 (8th Cir. 2004) (affirming the denial of summary judgment on § 1983 claims for prolonged incarceration as to those defendants who "were on notice that [the wrongfully detained person] was entitled to be released"); *Payne v. City of Saint Louis, Missouri*, No. 4:17-CV-01769-AGF, 2018 WL 583043, at *7 (E.D. Mo. Jan. 29, 2018) (unpublished) (denying movants motion

---

[2]    Defendant Carson, who is pled as the Superintendent of a different city jail (MSI) than the Justice Center, specifically asserts that the allegations against him should be dismissed because it is "wholly implausible . . . that a Superintendent of one City jail cannot reasonabl[y] be said to have any knowledge of an inmate at a different facility, let alone the 'responsibility' or 'authority' to establish policy, train employees, or establish a pattern or practice at that [other] facility[.]" (Doc. 26 at 8.)

to dismiss based on the plaintiff's alleged 15-day wrongful detention after charges were dismissed).

In this case, Plaintiff's Amended Complaint admittedly contains very few facts detailing the specific role each of the individual defendants played in his prolonged incarceration. However, at the motion to dismiss stage, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory" and, to meet that standard, need only contain "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Twombly*, 550 U.S. at 556 & 562 (emphasis omitted). When the Court accepts, as it must, the plaintiff's factual allegations as true and draws all reasonable inferences in favor of Plaintiff, the Amended Complaint meets that standard.

The Amended Complaint alleges that the individual defendants are the City Sheriff, Superintendent of the City's Medium Security Institution, Director of the City's Department of Public Safety, and Commissioner of the City's Division of Corrections—individuals who are relatively high-level supervisory City officials with some connection, direct or indirect, to the facility where Plaintiff was incarcerated. The Amended Complaint further alleges the individual defendants had actual or constructive knowledge that Plaintiff was incarcerated despite having had his charges dismissed and the Office of the Missouri State Public Defender for the City of St. Louis informed the individual defendants that people were being wrongfully incarcerated in correctional facilities in St. Louis City. While the paucity of specific facts makes this a close question, with respect to Plaintiff's wrongful incarceration and related supervisory claims (Counts I, IV, V, and VI), a reasonable inference can be drawn based on the limited record that the individual defendants

named in these Counts were on notice of and deliberately indifferent to or authorized the violations alleged.

The individual defendants argue, in the alternative, that the federal claims against them should be dismissed because they are entitled to qualified immunity. The Supreme Court has held-

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known. The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *The qualified immunity analysis thus is limited to the facts that were knowable to the defendant officers at the time they engaged in the conduct in question*. Facts an officer learns after the incident ends—whether those facts would support granting immunity or denying it—are not relevant.

*Hernandez v. Mesa*, 137 S. Ct. 2003, 2007 (2017) (citations omitted) (emphasis added). To determine whether a defendant is entitled to qualified immunity, the Court must "conduct a two-step inquiry: (1) whether the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the deprivation." *Solomon v. Petray*, 795 F.3d 777, 786 (8th Cir. 2015).

In this case, the individual defendants have predicated their qualified immunity argument solely on their contention that they are not alleged to have been personally involved in any violation of Plaintiff's rights. However, as set out above, based on the limited record at this stage the Court disagrees. The individual defendants are not entitled to qualified immunity because, at the time of the events in this case, it was clearly established that an individual may not be detained after charges against him or her have been dismissed. *See Davis,* 375 F.3d at 712*; Payne*, 2018 WL 583043, at *8.

### 2.   § 1983 CLAIMS AGAINST THE CITY (COUNTS IV, V & VI)

In moving to dismiss Plaintiff's federal claims, the City argues that Plaintiff has not established the existence of such policies, customs, or patterns with respect to his claims. In evaluating a motion to dismiss, however, the question is not what the plaintiff has established, but rather what he has pleaded. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* at 556.

While the facts contained in the Amended Complaint are relatively light, Plaintiff has plausibly alleged that his right not to be detained after charges against him were dismissed was violated because of the hiring, training, supervision, policies, customs, and practices, or lack thereof, of the City. He has further alleged that other individuals have been similarly wrongfully detained and that the City was put on notice of those alleged detentions. At this early stage in the litigation, the Court finds that Plaintiff has stated a plausible claim for municipal liability.

### B.   PLAINTIFF'S STATE LAW CLAIMS

Regarding Plaintiff's state law claims, (Counts III, VII, VIII, IX, and X), the individual defendants contend that Plaintiff's claims for false imprisonment and negligent false imprisonment should be dismissed because Plaintiff has failed to plausibly allege that they exercised any personal control over Plaintiff or encouraged, caused, promoted, or instigated his confinement in any way. The City argues that Plaintiff's fraud claims against it should be dismissed because it is entitled to sovereign immunity and Plaintiff has failed to allege the City waived such immunity. The individual defendants argue Plaintiff's Amended Complaint does not meet the heightened pleading

requirements for fraud and, alternatively, that they owed no legal duty to inform Plaintiff of his wrongful imprisonment. The undersigned will address each argument in turn.

### 1. FALSE IMPRISONMENT CLAIMS: COUNTS III AND X

Under Missouri law (for the purpose of the false imprisonment claim), "public officers are not responsible for acts of subordinate officials, if such subordinates are themselves employees of the government, where there is no negligence on the part of such public officials in employing them, unless the superior officer has directed or encouraged or ratified such acts or has personally co-operated therein." *State ex rel. Green v. Neill*, 127 S.W.3d 677, 679 (Mo. 2004). Further, the Missouri Court of Appeals in *Bramon v. U-Haul, Inc.* stated the following about what Plaintiff must show:

> If the confinement is due to the defendant's negligence, the latter may be so liable, but the action is then governed by the rules and principles of the tort of negligence, according to which *the plaintiff is required to show actual damage*. In other words, there can be no tort as a negligent false imprisonment that of itself makes the defendant liable without proof of the invasion of some interest other than the bare interest in freedom from confinement.

945 S.W.2d 676, 681 (Mo. Ct. App. 1997) (emphasis added).

For the same reasons discussed above, *see supra*-Section III.A.1, a reasonable inference can be drawn based on the limited record that the individual defendants in Count III were on notice of and deliberately indifferent to or authorized the violations alleged. Additionally, for Plaintiff's negligent false imprisonment claim (Count X), the Court is required to construe his First Amended Complaint in favor of Plaintiff. It is plausible that Plaintiff did suffer actual damages, which can be fleshed out by the parties during discovery and argued more fully in a motion for summary judgment.

## 2.  *FRAUD CLAIMS: COUNTS VII, VIII, IX*

Fed. R. Civ. P. 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Supreme Court has explained: "Rule 8(a)'s simplified pleading standard applies to all civil actions, [but] Rule 9(b) . . . provides for greater particularity in all averments of fraud or mistake." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002); *see also Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005) (discussing heightened pleading requirements and quoting *Sierkiewicz*). "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552, 556 (8th Cir. 2006). In other words, federal law requires that the claim contain "the who, what, when, where, and how: the first paragraph of any newspaper story." *Great Plains Trust Co. v. Union Pac. R.R. Co .,* 492 F.3d 986, 995 (8th Cir. 2007) (internal quotation omitted).

After taking the allegations contained in Plaintiff's Amended Complaint as true and drawing all reasonable inferences in his favor, the Court agrees with Defendants, Plaintiff failed to allege with any specificity the particular circumstances constituting Defendants alleged fraudulent conduct. Plaintiff's Amended Complaint merely alleges in broad, conclusory allegations that all Defendants perpetrated fraud. For example, Count VII provides the following:

> 118. Due to Defendants' actions or inactions, Plaintiff was incarcerated for at least fourteen days after the criminal charges against him were dismissed.
> 119. By continuing to incarcerate Plaintiff after criminal charges were dismissed, Defendants represented to Plaintiff that he was legally incarcerated.

120. Defendants made this representation with the intention that Plaintiff would rely on their representation.

121. Defendants' representation was false.

122. Defendants knew or were ignorant of the truth.

123. Defendants' representation was material to Plaintiff being wrongfully imprisoned.

124. Plaintiff relied on the representation, and this reliance was reasonable under the circumstances.

125. Defendants fraudulently concealed from Plaintiff the fact that he was wrongfully imprisoned in order to prevent Plaintiff from discovering that he had a legal claim against Defendants.

126. Defendants' misrepresentation delayed Plaintiff from filing suit against Defendants.

Doc. 17 at 12-13 ¶¶ 118-26 (Count VII). Counts VIII and IX follow this same format.

Rule 9(b) requires more than such conclusory and generalized allegations. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002) (explaining "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy [Rule 9(b) ]" (quoting *Com. Prop. Inv. v. Quality Inns*, 61 F.3d 639, 644 (8th Cir.1995))); *see also U.S. ex rel. Costner v. United States*, 317 F.3d 883, 889 (8th Cir. 2003) (concluding the plaintiff's complaint was "not specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong" (citation omitted)). Because the allegations in Counts VII, VIII and IX fail to meet the pleading requirements, they will be dismissed without prejudice.

## IV.    CONCLUSION

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 23) is **GRANTED in part and DENIED in part**. Defendants' Motion to Dismiss is **GRANTED** to the extent that Counts II, VII, VIII, and IX are **dismissed without prejudice**. Defendants' Motion is otherwise **DENIED**.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of June, 2022.